# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re** <br><br> NANCY ROBLES, <br><br> **Debtor.** | **Case No. 05-42369-JDP** <br> **Chapter 7** |

_____

| | |
|---|---|
| GARY L. RAINSDON, <br> Trustee, <br><br> **Plaintiff,** <br><br> vs. <br><br> ACTION COLLECTION SERVICE, INC. dba CHECK-A-CHECK, <br><br> **Defendant.** | **Adversary Proceeding** <br> **No. 06-8092** |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

> William R. Hollifield, JEFFREY J. HEPWORTH, P.A. & ASSOCIATES, Twin Falls, Idaho, Attorney for Plaintiff.
>
> Peter D. Shearer, SHEARER & BONNEY, Boise, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION - 1

Chapter 7 trustee, Gary Rainsdon ("Plaintiff"), commenced this adversary proceeding to avoid and recover certain cash payments made by debtor Nancy Robles' ("Debtor") to a creditor, Defendant Action Collection Service, Inc. as preferences under § 547(b) and 550.[1]  In lieu of trial, the parties stipulated to the facts and submitted arguments.  Docket Nos. 8; 10–12.  After considering the evidence, arguments of the parties and the applicable law, the following constitutes the Court's findings of fact, conclusions of law and disposition of the issues raised in the Complaint.  Rule 7052.

## *Findings of Fact*

Debtor filed a voluntary petition for relief under chapter 7 of the Code on September 28, 2005.  Stip. Facts at ¶ 8, Docket No. 8.  Before the bankruptcy filing, on March 28, 2005, Defendant obtained a state court judgment against Debtor in the amount of $2,771.23.  *Id.* at ¶ 1.  To collect the judgment, Defendant sought and obtained a garnishment of Debtor's wages through the county sheriff.  *Id.* at ¶ 3.  Defendant received $857.36 by garnishing six of Debtor's paychecks between July 13, 2005 and September 19, 2005.  *Id.* at ¶ 5.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date (October 17, 2005) of the relevant provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, April 20, 2005, 119 Stat. 23.

MEMORANDUM OF DECISION - 2

The dates and amounts of the garnishment payments to Defendant were as follows:

| | |
|---|---|
| July 13, 2005 | $137.03 |
| July 27, 2005 | $130.15 |
| August 9, 2005 | $142.86 |
| August 23, 2005 | $149.35 |
| September 6, 2005 | $150.24 |
| September 19, 2005 | $147.73 |

*Id.*

Defendant stipulated that it received each of these payments within the 90 days prior to Debtor's bankruptcy filing; that they were on account of an antecedent debt; were received while Debtor was insolvent; and that the payments allowed Defendant to receive more than it would have received had it not received the payments and instead participated in distributions from the chapter 7 bankruptcy case as an unsecured creditor. *Id.* at ¶ 6–11.

Plaintiff seeks to recover transfers of funds for the bankruptcy estate pursuant to § 550 as preferences under § 547(b).

### *Conclusions of Law and Disposition of the Issues*

Plaintiff, as trustee, bears the burden of proving, by a preponderance of the evidence, that each element of a preferential transfer under § 547(b) is satisfied. § 547(g); *Arrow Electronics, Inc. v. Justus* (*In re Kaypro*), 218 F.3d 1070, 1073 (9th Cir. 2000); *Hopkins v. Nord* (*In re Kent*), 04.3 I.B.C.R. 113, 114

MEMORANDUM OF DECISION - 3

(Bankr. D. Idaho 2004).  Plaintiff must therefore prove that the relevant transfers were:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
>     (A) on or within 90 days before the date of the filing of the petition; . . .
> (5) that enables such creditor to receive more than such creditor would receive if–
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

§ 547(b)(1)–(5).  When a transfer is avoided as a preference under § 547, "the trustee may recover, for the benefit of the estate, the property transferred . . . from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made[.]"  § 550(a)(1).

Defendant has stipulated that the elements set forth in § 547(b) have been established.  As a result, Plaintiff will prevail unless Defendant can prove it enjoys the protections of one of the various avoidance exceptions found in § 547(c).  § 547 (g); *In re Kaypro*, 218 F.3d at 1073.

MEMORANDUM OF DECISION - 4

Defendant contends the exception set forth in § 547(c)(8) is applicable.  Section 547(c)(8) provides that a trustee may not avoid a transfer "if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600."  Defendant argues that because each of the garnishment payments it received was less than $600, Plaintiff may not avoid them.

Defendant relies upon this Court's decision in *Fitzgerald v. Norwest Fin. Idaho, Inc.* (*In re Keller*), 95 I.B.C.R. 164 (Bankr. D. Idaho 1995), to support its argument that the Court should consider the amount of each individual transfer, rather than the total of all transfers made to the creditor during the preference period, to determine whether the $600 limit has been met.  In *In re Keller*, the debtor obtained a loan from a creditor and defaulted on the payments.  Within the preference period, the debtor made three payments to the creditor in the amounts of $600, $900 and $399.79, for a total of $1,899.75.  In seeking to avoid the payments after the debtor filed for bankruptcy protection, the trustee argued that, when aggregated, the amount exceeded the $600 exception under § 547(c)(8).  The creditor, however, construed the preference exception to require that each payment be analyzed independently, because each payment was a separate transfer.

MEMORANDUM OF DECISION - 5

In resolving this issue, the Court noted that "there are precious few cases addressing this precise issue, and there is a distinct difference of opinion expressed in those cases . . . . " For its decision, the Court adopted the reasoning set forth in *Wilkey v. Credit Bureau Sys., Inc.* (*In re Clark*), 171 B.R. 563, 564 (Bankr. W.D. Ky. 1994). *In re Keller*, 95 I.B.C.R. at 167. The Court concluded, "Section 547(c)(8) utilizes the word 'transfer' in the singular, and the Court therefore interprets the statute to refer to single transfers, not several transfers aggregated together." *Id.* (citing Epstein, Nickles & White on Bankruptcy, Vol. 1, § 6-37 (1992) ("Clearly, this limit is not triggered by aggregating the value of all transfers to a creditor.")). The Court went on to conclude that "'[a]ggregate,' as used in this context, refers to a situation in which two or more items of property are transferred in a single transaction to a creditor." *Id.*

There is decidedly more decisional law analyzing this issue today,[2] although no cases have been decided by courts in the Ninth Circuit. For example, the Fifth Circuit Court of Appeals addressed this issue in *Electric City Merchandise Co. v. Hailes* (*In re Hailes*), 77 F.3d 873 (5th Cir. 1996). In *In re*

---

[2] Indeed, a few months after this Court decided *In re Keller*, the bankruptcy court's decision in *In re Clark* was reversed on appeal. *See Wilkey v. Credit Bureau Sys. Inc.* (*In re Clark*), 217 B.R. 89 (W.D. Ky. 1995) (concluding the multiple payments to the creditor during the preference period should be aggregated to determine is the $600 minimum is met).

MEMORANDUM OF DECISION - 6

*Hailes*, the creditor received several payments within the preference period by garnishment of the debtor's wages. None of the payments equaled or exceeded $600, but the aggregate amount of the payments received during the preference did. *In re Hailes*, 77 F.3d at 873. The Fifth Circuit framed the issue as "whether, under § 547(c)(8), a court may aggregate all transfers to a single creditor to determine whether the creditor received [not less than] $600 in value in the pre-filing period or whether each transfer must be evaluated individually." *Id.* at 874. The court concluded "that the plain meaning of § 547(c)(8) and the legislative history of the provision allow multiple transfers to a single creditor made during the preference period to be aggregated when determining whether the $600 threshold has been met." *Id.* The court, relying upon the Code's rules of construction, explained:

> Section 102(7) states that "the singular includes the plural." Under this rule of construction, the term "transfer" in § 547(c)(8) can mean more than one transfer. Therefore, the aggregate value of several transfers should be considered to determine whether a creditor has received $600 in value.

*Id.* at 875. The Fifth Circuit also considered the legislative history of this Code provision suggesting that, to hold otherwise, would allow Congress' intent to be subverted by creditors who would cleverly require the payments made by

MEMORANDUM OF DECISION - 7

consumer debtors to be $599 or less in order to qualify for the exception to avoidance. *Id.*

Other courts have reached a similar conclusion. *Maus v. Joint Twp. Dist. Mem. Hospital* (*In re Maus*), 282 B.R. 836, 839–40 (N.D. Ohio 2002); *Wilkey v. Credit Bureau Sys., Inc.* (*In re Clark*), 217 B.R. 89, 91 (W.D. Ky. 1995); *Alarcon v. Commercial Credit Corp.* (*In re Alarcon*), 186 B.R. 135, 137 (D. N.M. 1995); *Christians v. Am. Express Travel Related Servs.* (*In re Djerf*), 188 B.R. 586, 589 (Bankr. D. Minn. 1995); *In re Bunner*, 145 B.R. 266, 266–67 (Bankr. C.D. Ill. 1992); *Lewis v. State Employees Credit Union of Md.* (*In re Lewis*), 116 B.R. 54, 55-56 (Bankr. D. Md. 1990).

Collier on Bankruptcy, relying upon *In re Hailes*, states, "Section 547(c)(8) will not preclude the trustee or the debtor from avoiding a consumer transfer if that transfer is one of a series of transfers during the preference period that total at least $600." 5 Alan N. Resnick & Henry J. Summer, COLLIER ON BANKRUPTCY ¶ 547.04[8], 547-86 (15th ed. Rev. 2007). Norton Bankruptcy Law and Practice addresses the issue as follows:

> Under the terms of the exemption, the $600 is computed with reference to individual transfers. Arguably, at least, an overall conveyance of several thousand of dollars to a creditor is insulated if conducted in multiple but clearly distinct transfers. Such circumvention of traditional preference law is

MEMORANDUM OF DECISION - 8

> probably not intended under this exception. Courts look behind the form of multiple transfers to avoid this result. When a number of less than $600 transfers occur between two parties, it is appropriate to treat the transfers as one transaction if they are, in fact, conducted pursuant to a single, common plan.

3 William L. Norton, Jr. NORTON BANKR. L. & PRAC. 2d § 59:29 (2007) (footnotes omitted).[3]

Defendant argues this Court should continue to apply the rule first announced in *In re Keller*. Not surprisingly, Plaintiff urges the Court to reconsider its approach.

There were few cases analyzing this issue for the Court to consult for guidance twelve years ago when it decided *In re Keller*. And the decision upon which this Court primarily relied was reversed on appeal. *See In re Clark*, 217 B.R. at 91. As noted above, each of the other courts to address the issue of whether to aggregate garnishments during the preference period for purposes of § 547(c)(8) has concluded that the payment amounts must be aggregated.[4]

---

[3] It does not appear that the Epstein, Nickles & White treatise, upon which the Court relied in *In re Keller,* has been updated since its 1992 edition,. It is therefore impossible to know whether the editors would modify their position on this issue in light of the interceding case law.

[4] A bankruptcy court declined to aggregate two separate garnishments obtained by the same creditor, after concluding under state law, that two separate transfers occurred, each at the time a separate writ of execution attached to the debtor's wages. *Howes v. Hannibal Clinic* (*In re Howes*), 165 B.R. 270 (Bankr. E.D. Mo. 1994).

MEMORANDUM OF DECISION - 9

After further careful consideration, the Court concludes the better approach to statutory construction is that set forth in *In re Hailes*, and not that adopted in *In re Keller*. In *In re Keller*, this Court did not apply the Code's rules for statutory construction. Instead, the Court sought to implement what it perceived to be the plain meaning of § 547(c)(8). However, as the decisions which hold that all transfers made within the preference period should be aggregated point out, § 102(7) commands that "the singular includes the plural[.]" Under this rule of construction in the Code, the term "transfer" in § 547(c)(8) also means "transfers."[5] When the rule of construction is invoked, the meaning of this provision, while different from that previously perceived in *In re Keller*, is indeed plain.

---

However, it appears the court did aggregate the amounts garnished on account of each individual writ of execution, but the aggregated amount did not exceed $600. *Id.* Additionally, a bankruptcy court declined to aggregate multiple garnishments by several different creditors, when no single creditor received more than $600 from the garnishment. *In re Irvine*, 95 B.R. 464, 465 (Bankr. W.D. Ky. 1988).

[5] The Second Circuit Court of Appeals recently addressed a similar issue in connection with § 548(a)(2), which prevents the avoidance of a transfer to a charitable organization if the amount of the transfer does not exceed fifteen percent of the debtor's gross annual income. *Universal Church v. Geltzer*, 463 F.3d 218 (2d Cir. 2006). The court concluded that the Code required aggregation of the charitable contributions made throughout the year to determine if the transfer exceeded fifteen percent of the debtor's gross annual income, declining to analyze each separate payment to determine if it exceeded the statutory limit. *Id.* at 225. In reaching its conclusion, the court applied § 102(7).

MEMORANDUM OF DECISION - 10

This approach also makes sense. Section 547(c)(8) protects creditors from the nuisance and expense of defending preference actions where the amount in controversy is less than $600. That purpose, however, is not frustrated when preference period transfers are aggregated: the amount in controversy must still equal at least $600. This reading of the Code also prevents creditors from manipulating the Code, and frustrating its "equality of treatment" policy for creditors, by requiring debtors to make several small transfers within the preference period, as opposed to payments exceeding the $600 limit.

## *Conclusion*

The parties stipulated that Defendant received payments totaling $857.36 during the preference period. Since this amount is not less than $600, the minimum set forth in § 547(c)(8), and because the parties stipulate that all the elements set forth in § 547(b) are met, Defendant has not established that it is immune from avoidance, and Plaintiff may recover the transfers made to Defendant.

Counsel for Plaintiff shall promptly submit a proposed form of judgment, approved by the parties, for entry by the Court.

Dated: June 19, 2007

MEMORANDUM OF DECISION - 11

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 12